COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Senior Judge Hodges


JUDY L. HEARD

MEMORANDUM OPINION[*]
v.    Record No. 1221-01-1                          PER CURIAM
FEBRUARY 5, 2002
KEVIN HEARD


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles D. Griffith, Jr., Judge

(Judy L. Heard, pro se, on brief).

No brief for appellee.


Judy L. Heard, appellant, appeals a decision of the trial court finding that Kevin Heard, appellee, owes her $3,662.63 in child support arrearages. Appellant argues the trial court erred by refusing to consider the full amount of arrearages confirmed by the Division of Child Support Enforcement (DCSE) and by failing to review her evidence. Appellant also contends she did not receive adequate representation from her attorney. We conclude that this appeal is without merit and summarily affirm the ruling of the trial court. Rule 5A:27.

The parties appeared in the trial court on April 11, 2001 concerning the issue of the amount of child support arrearages. Appellant testified concerning her calculation of the amount of

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the arrearage.  Appellant presented some written records, but she stated that some of her records were unavailable because of a "recent move."  Appellant also indicated that appellee made most of the child support payments in cash and that she kept records of the payments on a memo pad or on a calendar.  Appellant presented an affidavit reflecting the payments.

Appellee disputed appellant's computation of the arrearage. He also testified that he paid most of the support payments in cash by either leaving the cash at appellant's home or depositing the cash into appellant's bank account.  When asked for evidence to support his testimony, appellee stated that he could not afford to pay the $2.50 fee to obtain the bank records.

A representative from DCSE was present at the hearing, and she testified regarding the procedures used to calculate the arrearage amount.  The trial court requested that the DCSE representative determine during the hearing the amount of the arrearage from March 1998, when appellant first opened her case with DCSE, to the present.

The trial court concluded that both appellant and appellee were "negligent because they appeared in court without any evidence to corroborate the amount in dispute."  The court further ruled that, "[d]ue to the evidentiary problem noted by the Court (i.e., conflicting affidavits and testimony)," no arrearage was owed prior to the case being opened with DCSE in March 1998.  The trial court accepted the arrearage amount as determined by DCSE

-

and decreed that the total child support arrearage was $3,662.63, plus interest, as of November 30, 2000. The court ordered that appellee pay appellant $100 per month toward the arrearage until paid in full on April 1, 2001.

Appellant argues the trial court erred in determining the amount of arrearages.

> "The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled." We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citations omitted).

The trial court found that neither appellant nor appellee presented sufficient evidence from which it could determine the amount of arrearages due to appellant. "The trial court's decision, when based upon credibility determinations made during an ore tenus hearing, is owed great weight and will not be disturbed unless plainly wrong or without evidence to support it." Douglas v. Hammett, 28 Va. App. 517, 525, 507 S.E.2d 98, 102 (1998). Because the parties presented inadequate evidence from which the court could determine the arrearage amount, the trial court requested that the representative from DCSE determine the amount of arrearages due from the time that appellant filed her claim with DCSE. The trial court then accepted the figure as computed by DCSE. Resolution of a

-

dispute of facts is within the discretion of the trial court. Howell v. Howell, 31 Va. App. 332, 341, 523 S.E.2d 514, 519 (2000). Thus, credible evidence supports the trial court's determination of the amount of arrearage, and we will not disturb that determination.

In her questions presented, appellant contends the trial court erred by not reviewing her evidence. However, the written statement of facts does not indicate appellant made this argument to the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

To the extent that appellant complains that she received ineffective representation from her counsel, this Court is not the proper forum to resolve such a dispute in a civil matter.

For the foregoing reasons, the judgment of the trial court is affirmed.

                                        Affirmed.

-